# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEXANDER PEDRAZA,<br>*Defendant*. | No. 3:17-cr-00114 (VAB) |

**RULING ON DEFENDANT'S APPLICATION FOR ISSUANCE OF A SUBPOENA AND REQUEST FOR HEARING**

Alexander Pedraza ("Defendant") is charged by indictment with sex trafficking of a minor in violation of 18 U.S.C. § 1591.

On October 31, 2018, Mr. Pedraza moved for permission to issue a subpoena on the Massachusetts Department of Children and Families ("DCF") to produce records relating to the complaining witness in this case. Appl. for Issuance of a Subpoena and Request for Hr'g, ECF No. 34. On November 21, 2018, the United States filed a motion in opposition to Defendant's subpoena motion. Gov't. Mem. in Opp. to Defs. Mot. for Subpoena, ECF No. 40. On December 18, 2018, Defendant filed a reply. Reply to Gov't Opp. to Defs. Appl. for Issuance of a Subpoena and Request for Hr'g, ECF No. 45. On December 19, 2018, the Court held a hearing on all pending motions *in limine*, including Defendant's motion for issuance of a subpoena. Minute Entry, ECF No. 46.

For the reasons set forth below, the Court **DENIES** Defendant's application for issuance of a subpoena and request for a hearing, ECF No. 34, without prejudice to renewal.

1

## I. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 17(c) enables defendants to obtain evidence to support their defenses, even if the Government does not plan to use that evidence. FED. R. CRIM. P. 17(c); *Bowman Dairy Co. v. U.S.*, 341 U.S. 214, 219–20 (1951) ("But if such materials or any part of them are not put in evidence by the Government, the defendant may subpoena them under Rule 17(c) and use them himself. It would be strange indeed if the defendant discovered some evidence by the use of Rule 16 which the Government was not going to introduce and yet could not require its production by Rule 17(c). There may be documents and other materials in the possession of the Government not subject to Rule 16. No good reason appears to us why they may not be reached by subpoena under Rule 17(c) as long as they are evidentiary. That is not to say that the materials thus subpoenaed must actually be used in evidence. It is only required that a good-faith effort be made to obtain evidence.").

"[I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *U.S. v. Nixon*, 418 U.S. 683, 699–700 (1974).

A movant must obtain a court order to serve a subpoena on a third party for production of personal or confidential information about an alleged victim. FED. R. CRIM. P. 17(c)(3).

## II. DISCUSSION

Mr. Pedraza seeks records from the Massachusetts DCF because "[i]nformation provided by the Government shows that the complaining witness, who is no longer a minor, was previously in the care and custody of DCF before and possibly during the period of the alleged offense conduct." Appl. for Issuance of a Subpoena and Request for Hr'g at 1. While neither party alleges that the Government has the DCF records, both parties credibly believe that DCF records exist.

Mr. Pedraza asserts that those records might bear on the complaining witness's credibility and reliability. *Id*. The United States argues that his subpoena request is "extremely overbroad and does not meet the relevance, admissibility, or specificity standards that govern the issuance of subpoenas under Federal Rule of Criminal Procedure 17(c)." Gov't. Mem. in Opp. to Defs. Mot. for Subpoena at 1. The Court agrees.

While Rule 17 provides defendants with a mechanism for compelling the production of evidence, particularly evidence in the possession of the government, *Bowman Dairy Co.,* 341 U.S. at 219–20, the Rule "was not intended to provide a means of discovery for criminal cases[.]" *Nixon*, 418 U.S. at 698, citing *Bowman Dairy Co.*, 341 U.S. at 220. Defendants must make a threshold showing that the requested materials are evidence, and that this evidence has some relevance to the defense. Rule 17 does not permit criminal defendants to use the power of subpoena to engage in a "fishing expedition" that might turn up some exculpatory evidence. *Nixon*, 418 U.S. at 700.

Mr. Pedraza has failed to meet the minimum threshold showing required by *Bowman Dairy Co.*, *Nixon*, and their progeny. He has provided no basis for a determination that the DCF records contain relevant evidence. He has laid no evidentiary foundation beyond the assertion

that he has "limited access to information about the alleged victim[.]" Reply to Gov't Opp. to Defs. Appl. for Issuance of a Subpoena and Request for Hr'g. Mr. Pedraza has proffered no theory of the case that would support an order of this Court to Massachusetts DCF. He also has not argued that the records might be admissible, and that the information is unavailable through other means. Mr. Pedraza further has not limited the subpoena to a particular time period, or in any way sought to target the scope of his subpoena.

Instead of providing support for the subpoena, Mr. Pedraza proposes that the Court subpoena the DCF file, review it *in camera*, and flag any potentially relevant, exculpatory evidence for Defendant's review. *Id.* at 2–3. Not only would this be the sort of "fishing expedition" disallowed under prevailing Rule 17 standards, *see U.S. v. Nixon*, 418 U.S. at 700, it would require the Court to make threshold findings of evidentiary relevance for the Defendant, findings that would not be appropriate, absent some showing by the Defendant.

Defendant cites to the district court decision in *U.S. v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008), for the proposition that *Nixon* is inapplicable when a criminal defendant seeks records from a third party rather than government prosecutors. Reply to Gov't Opp. to Defs. Appl. for Issuance of a Subpoena and Request for Hr'g at 2, citing *Nixon*, 418 U.S. at 700 n. 12. This decision recognizes that broad discovery of evidence from non-parties should be permitted, when a criminal defendant has presented "an articulable suspicion that the documents may be material to his defense." *U.S. v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008).

This decision, however, is an aberration. *See United States v. Barnes*, No. S9 04 CR 186 SCR, 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) ("Though the *Tucker* Court found this relaxed standard appropriate, it is not the prevailing law. Indeed, all district courts within the Second Circuit, aside from the *Tucker* court, have applied the *Nixon* analysis to third-party

that he has "limited access to information about the alleged victim[.]" Reply to Gov't Opp. to Defs. Appl. for Issuance of a Subpoena and Request for Hr'g. Mr. Pedraza has proffered no theory of the case that would support an order of this Court to Massachusetts DCF. He also has not argued that the records might be admissible, and that the information is unavailable through other means. Mr. Pedraza further has not limited the subpoena to a particular time period, or in any way sought to target the scope of his subpoena.

Instead of providing support for the subpoena, Mr. Pedraza proposes that the Court subpoena the DCF file, review it *in camera*, and flag any potentially relevant, exculpatory evidence for Defendant's review. *Id.* at 2–3. Not only would this be the sort of "fishing expedition" disallowed under prevailing Rule 17 standards, *see U.S. v. Nixon*, 418 U.S. at 700, it would require the Court to make threshold findings of evidentiary relevance for the Defendant, findings that would not be appropriate, absent some showing by the Defendant.

Defendant cites to the district court decision in *U.S. v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008), for the proposition that *Nixon* is inapplicable when a criminal defendant seeks records from a third party rather than government prosecutors. Reply to Gov't Opp. to Defs. Appl. for Issuance of a Subpoena and Request for Hr'g at 2, citing *Nixon*, 418 U.S. at 700 n. 12. This decision recognizes that broad discovery of evidence from non-parties should be permitted, when a criminal defendant has presented "an articulable suspicion that the documents may be material to his defense." *U.S. v. Tucker*, 249 F.R.D. 58, 66 (S.D.N.Y. 2008).

This decision, however, is an aberration. *See United States v. Barnes*, No. S9 04 CR 186 SCR, 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) ("Though the *Tucker* Court found this relaxed standard appropriate, it is not the prevailing law. Indeed, all district courts within the Second Circuit, aside from the *Tucker* court, have applied the *Nixon* analysis to third-party

subpoenas issued by the defense."). In any event, even if *Tucker* was the law, Mr. Pedraza's application still should be denied.

In *Tucker*, the government disclosed three incarcerated, potential cooperating witnesses to the defense and provided the defendant with redacted transcripts of one of the witness's telephone calls. *Tucker*, 249 F.R.D. at 59–60. The defendant determined, from that transcript, that the "witness may have been promised inducements for his testimony," *id*. at 60, and requested transcripts of the telephone recordings made by the three cooperating witnesses "so that he could gather information on possible inducements offered to those witnesses in exchange for their testimony." *Id*. at 60.

As a result, the defendant's inquiry was limited to telephone communications, from three incarcerated, potential cooperating witnesses, based upon credible evidence—provided by the government—that the witnesses might have been induced to testify. *Id*. Furthermore, the court did not grant the defendant his entire production request, but limited his subpoenas to time periods that the Court considered relevant. *Tucker*, 249 F.R.D. at 66 ("Tucker has not demonstrated that all of the Recordings are material to his defense. Tucker is seeking proof that the cooperating witnesses have been offered certain inducements by the government in exchange for their testimony. Therefore, it is extremely unlikely that relevant material would be discovered on recordings created before the initial contact between the witnesses and the government.").

Thus, even under *Tucker*, Mr. Pedraza would still need to make more of a showing, such as a credible belief that records from a specific time period would yield content potentially relevant to his defense. He has made no such showing. The Court thus has no basis for holding a hearing or compelling Massachusetts DCF to produce the confidential records of the complaining witness.

## III. CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's motion for issuance of a subpoena and request for a hearing, ECF No. 34, without prejudice to renewal.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of December, 2018.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge